NUMBER 13-10-00301-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MARCOS VILLAGOMEZ,                                                             Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 156th
District Court 

of Bee County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Vela, and Perkes   

Memorandum Opinion by
Justice Perkes 

 

            Appellant,
Marcos Villagomez, appeals his conviction for attempted sexual assault.  See
Tex. Penal Code Ann. §§ 15.01(a),
22.011(a) (West 2003 & Supp. 2010).  The offense was a third-degree felony,
enhanced by two prior felony convictions.  See id. §§ 15.01(d),
22.011(f), 12.42(d) (West Supp. 2009).  After a jury found appellant guilty of
the charged offense, the trial court received punishment evidence, found the
enhancement allegations to be true, and sentenced appellant to a term of
thirty-five years of confinement in the Texas Department of Criminal Justice. 
Appellant filed a notice of appeal, and as discussed below, his court-appointed
counsel filed an Anders brief.  We affirm. 

I.  FACTUAL AND
PROCEDURAL BACKGROUND

Appellant
was living in his brother and sister-in-law’s apartment.  One morning when his
brother was away from the apartment, appellant attempted to sexually assault
his sister-in-law.  Shortly after leaving the apartment with her children, she
reported the incident to law enforcement.  Appellant’s sister-in-law and family
members who helped her report the incident to law enforcement testified at
trial.

II.    Anders
Brief

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has filed a
brief and a motion to withdraw with this Court, stating that his review of the
record yielded no grounds of error upon which an appeal can be predicated. 
Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to
advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on appellant, and
(3) informed appellant of his right to review the record and to file a pro se
response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed and appellant has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

III.  
 INDEPENDENT REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record and counsels’s brief, and have found nothing
that would arguably support an appeal.  See Bledsoe
v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
(“Due to the nature of Anders briefs, by indicating in the opinion that
it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
There is no reversible error in the record.  Accordingly, the judgment of the
trial court is affirmed.

 

IV.  MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.)  (noting that “[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant counsel’s motion to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this opinion and this Court’s judgment to appellant and to
advise him of his right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                                                                                 

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


14th day of April,
2011. 

 









[1]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim.
App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.—Waco 1997, no pet.)).





[2]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.